IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BERNARD PERTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:23-CV-1390-E (BH) |
| | ) | |
| DAVID RISHER, CEO LYFT INC., ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's *Motion for Default Judgement,* filed September 20, 2023 (doc. 14), should be **DENIED**.

**I.**

On June 22, 2023, the *pro se* plaintiff filed this civil rights action against the defendants, alleging that he and his service animal were refused transportation in Dallas, Texas, in violation of the Americans with Disabilities Act. (*See* doc. 3 at 4.) He sought and was granted leave to proceed *in forma pauperis* (IFP). (*See* docs. 4, 5.) Because he was granted leave to proceed IFP, on July 13, 2023, the United States Marshal (USM) was ordered to serve the defendants. (*See* doc. 8.) On August 2, 2023, the USM filed a process receipt and return for two of the individual defendants, which showed that process had been sent to them by certified mail, return receipt requested, and that the mailings had been delivered to and left with an unspecified individual on July 31, 2023. (*See* docs. 12, 13.) Nothing in the record reflects personal service on the individual defendants. The plaintiff now moves for default judgment. (*See* doc. 14.)

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

**II.**

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions under which default may be entered against a party, as well as the procedure for seeking the entry of default judgment. There is a three-step process for securing a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise". *See id.*; *N.Y. Life Ins.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

Here, it is not clear from the record that the defendants have been served and failed to plead or otherwise respond, and no default has been entered. Without a prior entry of default, the plaintiff has no basis for seeking a default judgment. Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Default judgment is not warranted.

**III.**

The plaintiff's motion for default judgment should be **DENIED**.

**SO RECOMMENDED** on this 21st day of September, 2023.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                 IRMA CARRILLO RAMIREZ
                                             UNITED STATES MAGISTRATE JUDGE