IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BERNARD BRUCE PERTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-1390-E-BN |
| | § | |
| DAVID RISHER, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Bernard Bruce Pertee filed this *pro se* lawsuit under the Americans with Disabilities Act ("ADA") requesting money damages against three officers of Lyft because two Lyft drivers refused to transport him and his service animal. *See* Dkt. No. 3. Partee also moved for leave to proceed *in forma pauperis* ("IFP"), *see* Dkt. No. 4, a motion the Court granted, *see* Dkt. No. 5, subjecting the claims to screening under 28 U.S.C. § 1915(e)(2). And Pertee amended his allegations through verified responses to a screening questionnaire, to clarify that he also sues Lyft as a company and that he is legally blind and to confirm that he only seeks money damages. *See* Dkt. Nos. 6 & 7.

While service has been attempted as to at least the individual defendants, *see* Dkt. Nos. 8-17, this lawsuit was then re-referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ada Brown, *see* Dkt. No. 18.

And the undersigned now enters these findings of fact, conclusions of law, and

recommendation that, for the reasons and to the extent set out below, the Court should dismiss the complaint as amended.

## Legal Standards

Section 1915(e) requires that the Court "dismiss the case at any time" if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Court is therefore "statutor[ily] mandate[d] to dismiss a complaint whenever it becomes apparent to the court that no claim for relief is stated." *Harmon v. Nguyen*, No. 3:14-cv-2038-D-BN, 2016 WL 750923, at *5 (N.D. Tex. Feb. 4, 2016) (quoting *Moore-Bey v. Cohn*, 69 F. App'x 784, 787-88 (7th Cir. 2003) (per curiam)), *rec. adopted*, 2016 WL 740381 (N.D. Tex. Feb. 25, 2016).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). Accordingly, the pleading requirements set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply to the Court's screening of a complaint filed IFP.

Considering these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations – just "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of

entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

But, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

So, to avoid dismissal under Section 1915(e)(2)(B)(ii), plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires

the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

## Analysis

To begin, the ADA "prohibits discrimination based on disability in 'major areas of public life, among them employment (Title I of the Act), public services (Title II), and public accommodations (Title III).'" *Access Living of Metro. Chi. v. Uber Techs., Inc.*, 958 F.3d 604, 607 (7th Cir. 2020) (quoting *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001)).

While Pertee alleges that the defendants violated Title II of the ADA, applicable to public entities, "because [Lyft] is a private entity, [Pertee] had to sue under Title III." *Id.* at 611-12; *see also Doud v. Yellow Cab of Reno, Inc.*, No. 3:13-cv-00664-WGC, 2015 WL 895077, at *12 (D. Nev. Mar. 3, 2015) ("Title III of the ADA protects individuals with disabilities and individuals associated with them from discrimination by private entities offering public transportation, along with other forms of transportation and public accommodation." (citing 42 U.S.C. §§ 12181-12189)).

And Title III does not allow for the sole relief that Pertee seeks in this suit – money damages. *See* 42 U.S.C. § 12188(a)(1). "By the plain terms of that provision, a private party may obtain only forward-looking relief; damages for past harms are not available." *Goodwin v. C.N.J., Inc.*, 436 F.3d 44, 50 (1st Cir. 2006) (citing *Newman v. Piggie Park Enters.*, 390 U.S. 400, 402 (1968) (per curiam); 42 U.S.C. § 12188(b)(2)(B) (authorizing money damages to persons aggrieved in parens patriae suits brought by

the Attorney General under Title III); and an "unbroken skein of cases [that] makes manifest that money damages are not an option for private parties suing under Title III of the ADA"); *accord Ajuluchuku v. FedEx Kinko's Office & Print Servs., Inc.*, No. 3:05-cv-2417-G, 2006 WL 6912919, at *3 (N.D. Tex. June 30, 2006); *Bracken v. G6 Hospitality*, No. 4:14-CV-644-ALM-CAN, 2016 WL 3946791, at *3 (E.D. Tex. June 3, 2016), *rec. adopted*, 2016 WL 3917701 (E.D. Tex. July 20, 2016).

Nor has Pertee alleged facts to support a plausible claim under Title III of the ADA.

> Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To state a claim under Title III, "[a plaintiff] must allege (1) that [he] is disabled within the meaning of the ADA; (2) that [the] defendants own, lease, or operate a place of public accommodation; and (3) that [the] defendants discriminated against [him] by denying [him] a full and equal opportunity to enjoy the services [that the] defendants provide." *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008).

*Bebry v. ALJAC LLC*, 954 F. Supp. 2d 173, 177 (S.D.N.Y. 2013); *see also Ajuluchuku*, 2006 WL 6912919, at *3 ("To establish a *prima facie* case of discrimination under the ADA, [a plaintiff] must prove three things: 1) she has a disability; 2) [the defendants'] business is a place of public accommodation; and 3) she was denied full and equal treatment because of her disability." (citation omitted)); *Bracken*, 2016 WL 3946791, at *5 ("[T]o state a claim under Title III, Plaintiff must allege that: (1) he has a disability within the meaning of the Act; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) the plaintiff was denied

public accommodations by the defendant because of his disability." (citing *Griffin v. Pub. Access Comm. Television*, No. A-10-CA-602, 2010 WL 3815797, at *1 (W.D. Tex. Sept. 27, 2010))).

Pertee's alleged legal blindness meets the first element.

And, as against Lyft as a defendant company, federal courts have held that rideshare companies are "covered entities [under Title III because they] 'primarily engage in the business of transporting people and [their] operations affect commerce.'" *E.g.*, *Crawford v. Uber Techs., Inc.*, Nos. 17-cv-02664-RS & 17-cv-06124-RS, 2021 WL 3810259, at *4-*6 (N.D. Cal. Aug. 26, 2021) (quoting 42 U.S.C. § 12184(a)); *but see Access Living of Metro. Chi.*, 958 F.3d at 607 (As of May 5, 2020, "[n]o circuit court ha[d] addressed whether the ADA's Title III public accommodation provisions apply to companies operating ridesharing technology.").

But, as against the individual officer defendants that Pertee has sued, federal courts have also "held that 'naked assertions devoid of further factual enhancement' concerning an individual defendant's level of control over a public accommodation are insufficient for purposes of establishing individual liability under Title III of the ADA." *Doe v. NYSARC Trust Serv., Inc.*, No. 1:20-CV-801 (BKS/CFH), 2020 WL 5757478, at *5 (N.D.N.Y. Sept. 28, 2020) (quoting *Iqbal*, 556 U.S. at 678; discussing *Green v. DGG Props. Co., Inc.*, No. 3:11-CV-01989 (VLB), 2013 WL 395484, at *13-*14 (D. Conn. Jan. 31, 2013); *Bebry*, 954 F. Supp. 2d at 178-79); *see also id.* ("[A]lthough plaintiff established that the individual defendant was 'the [c]hairman or CEO of' the entity that ran the restaurant and the tenant of the property where

the restaurant was located, the complaint 'provide[d] no additional factual allegations.'" (quoting *Bebry*, 954 F. Supp. 2d at 178, 179)).

And, as against all defendants, Pertee fails to allege facts to support the final element of a Title III claim – that is, "to state or articulate how [each defendant] discriminated against him *because* of [his covered] disability." *Bracken*, 2016 WL 3946791, at *6 (citation omitted; emphasis in original). Put another way, Pertee's factual content must show "that [he] was 'denied access under circumstances which give rise to the inference that such denial was based solely on [his] disability.'" *Ajuluchuku*, 2006 WL 6912919, at *3 (citation omitted).

All Pertee has alleged as to this element is that "[t]wo Lyft drivers refused transportation to me and my service animal." Dkt. No. 3 at 4. That allegation alone is not enough. *See Doud*, 2015 WL 895077, at *10 n.6 (discussing state law claims related to the ADA Title III claim where the state agency "did not find sufficient evidence to support a refusal of service predicated on the presence of a service animal" (citations omitted)).

For all these reasons, the Court should dismiss this lawsuit. But the opportunity file objections to this recommendation (further explained below) allows Pertee another chance to cure the deficiencies identified above and thus show the Court that this case should not be dismissed with prejudice at this time and that the Court should instead grant Pertee further leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at

least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

## Recommendation

The Court should dismiss this lawsuit.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 12, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE